IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SPIRIT COMMERCIAL AUTO RISK § <br> RETENTION GROUP § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> GNB TRUCKING, INC., ERIC HEIN, § <br> WENDY HEIN, and LEE HUNT as Personal § <br> Representative of the Estate of RILEY HEIN § | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Spirit Commercial Auto Risk Retention Group ("Spirit") seeks a declaratory judgment against GNB Trucking, Inc. ("GNB"), Eric Hein, Wendy Hein, and Lee Hunt, as personal representative of the Estate of Riley Hunt (collectively "the Heins"). Spirit asks the Court to rule that its insurance policy does not provide coverage to GNB or the Heins for damages alleged in an underlying wrongful death lawsuit.

## I.    PARTIES

1. Plaintiff Spirit Commercial Auto Risk Retention Group is a Nevada corporation with its principal place of business in Florida.

2. Defendant GNB Trucking, Inc. is a California corporation with its principal place of business also located in California. GNB may be served with process through its registered agent, Kulwant Singh, 1175 Duomo Way, Manteca, California 95337. Citation is requested for this defendant.

3. Defendants Eric and Wendy Hein are individuals residing in the State of Oregon. They may be served by 7049 SE Taggart Street, Portland, Oregon 97206-1114. Citation is requested for these defendants.

4. Lee Hunt is the personal representative of the Estate of Riley Hein, which is being administered in the State of New Mexico. Mr. Hunt can be served by process at 536 Old Santa Fe Trail, Santa Fe, New Mexico 87505.

## II.   JURISDICTION

5. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. §1332. This is a civil action and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation involving all Defendants.

## III.   VENUE

6. Venue is proper in the District of New Mexico under 28 U.S.C. §§1391(b)(1) and (2) because Defendants reside in this state and because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.   BACKGROUND

### A.   The Underlying Accident and Litigation

7. This insurance coverage action arises from an underlying wrongful death lawsuit styled as Case. No. D-101-cv-2016-01541; *Eric Hein, et al v. Choptank Transport, Inc., et al*, In the First Judicial District Court of Santa Fe County, New Mexico ("the Underlying Litigation"). In the Underlying Litigation, Plaintiffs' First Amended Complaint (attached as Exhibit A) alleges that Riley Hein was killed in a November 13, 2015, automobile accident involving a tractor-trailer owned by Barkandhi Express, Inc. ("Barkandhi") and driven by Satwinder Singh.

8. Plaintiffs' First Amended Complaint alleges that GNB intentionally, willfully, recklessly or negligently selected Barkandhi to deliver the load being driven by Satwinder Singh at the time of the November 13, 2015 accident.

9. In particular, Plaintiffs' First Amended Complaint alleges that GNB failed to perform any research into the company it selected to carry the goods (Barkandhi) and knowingly chose to contract with an unsafe carrier that was a danger to the traveling public. Plaintiff's First Amended Complaint also alleges that GNB's decision to act as a broker without the authority to do so resulted in the death of Riley Hein.

**B.  The Insurance Policies**

10. At the time of the accident, Barkandhi and Singh were insured under Policy No. 73TRS054442-01 issued by National Liability & Fire Insurance Company ("the National Policy") with effective dates of August 26, 2015 to May 7, 2016. Based upon information and belief, National has already paid its $1,000,000 policy limits to the Heins who have, in exchange, dismissed Barkandhi and Singh from the Underlying Litigation.

11. Also at the time of the accident, Spirit insured GNB under Master Policy No. CAC0001201502CA with effective dates of September 15, 2015 to September 15, 2016 ("the Policy") (attached as Exhibit B). Spirit seeks a declaration that the Policy, including the MCS-90 endorsement, does not provide coverage for any damages in the Underlying Litigation.

**V.  THE INSURANCE POLICY AND COVERAGE ISSUES**

12. Spirit seeks a declaration that it owes no duty to GNB, the Heins or any other person or entity for claims arising out of the underlying action.

### A. The Spirit Policy Does Not Cover the Underlying Claim

13. The Policy's Motor Carrier Coverage part contains an insuring agreement which states, in relevant part, as follows:

**SECTION II – LIABILITY COVERAGE**

**A. COVERAGE**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, operation maintenance or use of a covered "auto".
>
> \*   \*   \*
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

14. The Policy states at the Motor Carrier Coverage Form that:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

15. The Policy provides at Item 2 of the Declarations that Liability coverage applies to vehicles classified under the symbol "67," which, as the symbol legend in the Motor Carrier Coverage Form specifies, means "Specifically Described 'Autos." Those are defined as:

> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

16. Facts developed in the Underlying Litigation, including the investigation report of the Bernalillo County Sheriff's Office (attached as Exhibit C), show that the tractor-trailer at

4

issue in the Underlying Litigation was a 2016 Volvo with Vehicle Identification Number (VIN) 4V4NC9EH3GN945445.  The schedule of "Specifically Described 'Autos'" included with the Policy does not list any vehicle with that VIN.  Accordingly, Spirit is entitled to a declaration that it does not owe any coverage obligations to GNB or the Heins or any other party in the Underlying Litigation.

> **B.     The MCS-90 Endorsement Would Not Be Triggered by Entry of Judgment Against GNB in the Underlying Action.**

17.     The Spirit Policy includes an MCS-90 endorsement attached to the policy to permit GNB to be in compliance with the financial security requirements set out in the Federal Motor Carrier Safety Regulations, Title 49, Sections 387.7 and 387.9, which require that motor carriers must, through their policies of insurance, have in effect "minimum levels of financial responsibility" in the amount of $750,000 to protect the general public.

18.     The MCS-90 endorsement is triggered only by judgment for bodily injury or property damage entered against the named insured (GNB Trucking here) when acting as a motor carrier under its own motor carrier authority.

19.     Spirit seeks a declaration that the MCS-90 endorsement in its own Policy does not apply to the Underlying Litigation.  The plain language of the MCS-90 in the Spirit Policy provides, in pertinent part:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30

of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

20. Based on the allegations in the Underlying Litigation, GNB did not itself operate as a "motor carrier" subject to Sections 29 and 30 of the Motor Carrier Act of 1980, but, rather, GNB recruited Barkandhi to haul the load. Thus, the MCS-90 endorsement does not apply.

21. Further, the Heins' claims against GNB do not result from GNB's negligence in the operation, maintenance or use of a motor vehicle. Therefore, Spirit seeks a declaration that the MCS-90 endorsement in its Policy does not apply.

22. Further, upon information and belief, the $1 million limits of the National policy have already been paid to the Heins.

23. Accordingly the public policy considerations that underlie the MCS-90 have been satisfied, and the MCS-90 is inapplicable.

## VI. CONDITIONS PRECEDENT

24. All conditions precedent to Spirit's claims for relief have occurred or been performed.

## VII. CONCLUSION

25. Therefore, Plaintiff Spirit Commercial Auto Risk Retention Group requests that Defendants be required to appear and that the Court enter declaratory judgment in its favor and rule that its Policy, including the MCS-90 endorsement, does not provide coverage for any damages awarded in the Underlying Litigation, along with any and all such further relief to which it may be justly entitled.

2779959v1
11530.003

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, LLP

        By:  *Stephanie M. Krueger*
            Stephanie M. Krueger
            New Mexico State Bar No. 146290
            skrueger@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  713-403-8210
Fax:  713-403-8299

7